**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA, | ) ) ) ) | |
| Plaintiff, | ) ) | Civ. No. _____ |
| v. | ) ) | |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; | ) ) ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendants. | ) ) ) | |

**INTRODUCTION**

1. This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeks the disclosure by United States Immigration and Customs Enforcement ("ICE" or "Defendant") of records related to administrative subpoenas issued by the U.S. Department of Homeland Security ("DHS"), through ICE, to electronic communication service providers seeking information about the identities of such providers' users (hereafter "Unmasking Subpoenas").

2. On February 8, 2026, Plaintiff, the American Civil Liberties Union of Pennsylvania ("ACLU-PA"), filed a FOIA request to ICE seeking copies of each Unmasking Subpoena, with any supporting documents or communications, as well as any other documents related to DHS's use of Unmasking Subpoenas, including, but not limited to, presentations and memoranda (together, the "Request").

3. The ACLU-PA seeks these records as part of an investigation into expanding efforts by DHS, through ICE, to identify people expressing anonymous opinions on social media critical

1

of DHS's immigration enforcement activities. DHS's efforts to unmask anonymous social media users because of the content of their speech raise First Amendment concerns. The Request seeks to better understand the scale and scope of DHS's use of Unmasking Subpoenas.

4.      To date, ICE has failed to respond to the ACLU-PA's request. ICE's failure to produce any of the requested documents or information violates the FOIA. The ACLU-PA seeks declaratory, injunctive, and other appropriate relief to compel the prompt production of agency records improperly withheld by ICE.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action, including the authority "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld" from Plaintiff under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. *See also* 28 U.S.C. § 2202.

6.      Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in the Eastern District of Pennsylvania. For the same reason, venue is proper under 28 U.S.C. § 1391(e)(1)(C).

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201(a).

## PARTIES

8.      Plaintiff ACLU-PA is a 501(c)(3) nonprofit organization that provides legal representation free of charge to individuals and organizations in civil rights and civil liberties cases and works to advance those important protections through various forms of advocacy and public education across the Commonwealth. Since its founding, ACLU-PA has been deeply committed to protecting Americans' Constitutional rights, particularly those grounded in the First Amendment of the United States Constitution. This work includes promoting transparency at both

the state and federal level, often by seeking records under FOIA. ACLU-PA submitted the FOIA request at issue in this matter.

9.      Defendant ICE is a sub-agency within the Department of Homeland Security ("DHS"). ICE is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). ICE is responsible for enforcing federal immigration laws, including through the apprehension, detention, and removal of individuals it alleges are unlawfully present in the United States. In furtherance of those responsibilities, ICE has limited statutory authority to issue administrative subpoenas. *See* 8 U.S.C. § 1225(d)(4)(A); 8 U.S.C. § 1324a(e)(2)(C); 50 U.S.C. app. § 2411(a); 21 U.S.C. § 967; 19 U.S.C. § 1509. ICE has possession, custody, and control over the records requested by Plaintiff.

## STATUTORY AND LEGAL FRAMEWORK

10.      "The Freedom of Information Act was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is to "ensure an informed citizenry", which is "vital to the functioning of a democratic society" and needed as a check against corruption and to hold the government accountable to the governed. *See Nat'l Lab. Rels. Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Consistent with this purpose, the FOIA statute creates a "strong presumption in favor of disclosure [and] places the burden on the agency to justify the withholding of [] requested documents." *Ray*, 502 U.S. at 173.

11.      FOIA requires federal agencies to disclose records in response to a member of the public's request, unless those records fall within one of nine narrow statutory exemptions. 5 U.S.C. §§ 552(a)(3)(A), 552(b)(1)–(9).

3

12.     FOIA requires an agency to make an adequate search for responsive records that is "reasonably calculated to uncover all relevant documents." *U.S. ex. rel. Mistick PBT v. Hous. Auth. of Pittsburgh*, 186 F.3d 376, 384 (3d Cir. 1999).

13.     An agency must respond within 20 working days after receipt of a FOIA request, notifying the requester of the agency's determination whether or not to fulfill the request, providing the reasons for its determination, and informing the requester of his or her right to appeal the agency's determination to the agency head. *See* 5 U.S.C. § 552(a)(6)(A)(i).

14.     In "unusual circumstances," an agency may postpone its response to a FOIA request or appeal, but it must provide notice and the date on which a determination is expected to be dispatched. *See* 5 U.S.C. § 552(a)(6)(B). Generally, such notice shall not result in an extension of more than 10 working days. *See id.*

15.     If the agency fails to comply with a request within the statutory time period, a FOIA requester is deemed to have exhausted its administrative remedies and can proceed directly to the district court, where the agency must show "exceptional circumstances" justifying its untimeliness and due diligence in remedying the violation. *See* 5 U.S.C. § 552(a)(6)(C)(i). Per the FOIA statute, "the term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section . . . ." 5 U.S.C. § 552(a)(6)(C)(ii).

16.     A district court has jurisdiction to enjoin the agency from withholding records and to order the production of records that are subject to disclosure. *See* 5 U.S.C. § 552(a)(4)(B).

4

17.     A FOIA requester can seek a waiver of search and review fees on the ground that the disclosure of the information is in the public interest because it is likely to contribute significantly to the public's understanding of the operations and activities of the government, and is not primarily in the commercial interest of the requester. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Requests for fee waivers are to be "liberally construed in favor of waivers for noncommercial requesters." *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (quoting *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987)).

18.     A FOIA requester can also seek a waiver of search and review fees on the grounds that the requester is a "representative of the news media," and the records are not sought for a commercial purpose. *See* 5 U.S.C. § 552(a)(4)(A)(ii). A representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." *Id.*

## STATEMENT OF FACTS

### ICE's Expansive Use of Unmasking Subpoenas

19.     Across the country, DHS, through ICE, has used Unmasking Subpoenas to identify anonymous social media users who speak critically about the federal government's immigration enforcement activities.

20.     ICE's employment of Unmasking Subpoenas increased in 2025 and 2026. But the processes by which ICE issues, enforces, and litigates Unmasking Subpoenas remains obscure.

21.     ICE's growing use of Unmasking Subpoenas has been the subject of numerous press articles.[1]

22.     ACLU-PA has submitted this Request to better understand how ICE is employing Unmasking Subpoenas.

### ICE Possesses the Records Requested

23.     The records requested are in the custody, possession, or control of ICE.

24.     Because it is ICE personnel, not a court or other third party, that issue administrative subpoenas, *see* 8 U.S.C. §§ 1103(a)(4), 1225 (d)(4)(A); 8 C.F.R. § 287.4(a)–(b), ICE has custody, possession, or control of "[c]opies of such Unmasking Subpoenas, with any supporting documents or communications setting forth the justifications for each Unmasking Subpoena." *See* Exhibit 1, FOIA Request, at I.B.1.

25.     Similarly, the Request seeks "filings submitted by DHS to a court seeking enforcement of the Unmasking Subpoena or a related gag order," *see* Exhibit 1 at I.B.1.a, which must be in ICE's custody, possession, or control, as ICE was responsible for submitting such filings to a court in order to enforce a subpoena.

---

[1] *See, e.g.*, See Sheera Frenkel and Mike Isaac, *Homeland Security Wants Social Media Sites to Expose Anti-ICE Accounts*, The New York Times (Feb. 13, 2026), available at https://www.nytimes.com/2026/02/13/technology/dhs-anti-ice-social-media.html; John Woodrow Cox, *Homeland Security is targeting Americans with this secretive legal weapon,* Washington Post (Feb. 3, 2026), https://www.washingtonpost.com/investigations/2026/02/03/homeland-security-administrative-subpoena/; Alfred Ng, *Judge skeptical of DHS push to ID anonymous accounts documenting ICE*, Politico (Jan. 14, 2026), https://www.politico.com/news/2026/01/14/judge-instagram-account-documenting-ice-00730455; Ashley Belanger, *Lawsuit: DHS wants "unlimited subpoena authority" to unmask ICE critics*, Ars Technica (Jan. 13, 2026), https://arstechnica.com/tech-policy/2026/01/instagram-user-fights-dhs-for-the-right-to-post-ice-sightings-anonymously/; Shawn Musgrave, *The Feds Want to Unmask Instagram Accounts That Identified Immigration Agents*, The Intercept (Sep. 18, 2025), https://theintercept.com/2025/09/18/dhs-subpoena-ice-instagram-dox/.

26. Additionally, ICE must have custody, possession, or control of "any documents detailing, describing, or referencing whether the Unmasking Subpoena was complied with," as ICE is responsible for determining compliance with its administrative subpoenas. *See* Exhibit 1 at I.B.1.b.

27. Finally, the Request seeks only those "documents related to DHS's use of Unmasking Subpoenas, including, but not limited to, presentations and memoranda" which are in the custody, possession, or control of ICE. *See* Exhibit 1 at I.B.2.

### Plaintiff's FOIA Request

28. On February 8, 2026, ACLU-PA, submitted a request to ICE via the SecureRelease Portal. *See* 6 C.F.R. § 5.3 (stating that all DHS components "have the capability to receive requests electronically, either through email or a web portal."). *See also FOIA Contact Information*, Dep't Homeland Sec., available at https://www.dhs.gov/foia-contact-information (directing FOIA requesters seeking records in the possession of ICE to the DHS SecureRelease Portal). A copy of the Request is attached as Exhibit 1.

29. Specifically, ACLU-PA requested:

Requester seeks the following categories of records related to Administrative Subpoenas issued by DHS, ICE, or CBP, (including by any components, subcomponents, offices, or personnel therein), to electronic communication service providers seeking information about the Identities of such providers' Users (hereafter "Unmasking Subpoenas"), including:

(1) Copies of such Unmasking Subpoenas, with any supporting documents or communications setting forth the justifications for each Unmasking Subpoena.

    a. For each Unmasking Subpoena, any filings submitted by DHS to a court seeking enforcement of the Unmasking Subpoena or a related gag order.

    b. For each Unmasking Subpoena, any documents detailing, describing, or referencing whether the Unmasking Subpoena was complied with.

(2) Any documents related to DHS's use of Unmasking Subpoenas, including, but not limited to, presentations and memoranda.

30.    ACLU-PA provided the following definitions:

For the purposes of this request, the terms "**U.S. Department of Homeland Security**" or "**DHS**" mean the United States Department of Homeland Security, and any components, subcomponents, offices, or personnel therein, including, but not limited to, U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP").

For the purposes of this request, the term "**Users**" means an individual or entity that uses an electronic communication service. *See* 18 U.S.C. § 2510(14); *id.* at (15).

For the purposes of this request, the term "**Identity**" means the name, postal code, country, email address, telephone number, or IP address associated with a User.

For the purposes of this request, the term "**Administrative Subpoenas**" refers to any subpoenas or summonses seeking information which are issued by DHS, CBP, or ICE, or their agents, under Form 1-138, or through any similar processes, including instruments purportedly authorized by 8 U.S.C. § 1225(d)(4), 8 C.F.R. § 287.4, 19 U.S.C. § 1509, or any other asserted authority.

For the purposes of this request, the term "**documents**" has the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of ICE and its employees, to which they have access, or of which they have knowledge, including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, files, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, agendas, minutes, data compilations, and statistical compilations, regardless of whether a particular document is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device.

For the purposes of this request, the term "**communications**" means any transmittal of information from one person or entity to another by any means, including letters, correspondence; notes; memoranda; records; reports; papers; facsimiles; electronic mail (whether to, from, copied, or blind copied) from business or personal email accounts; electronic mail generated from a handheld personal device including an Android, Blackberry, or iPhone; instant messaging; internet relay chat; news group; group or collaboration servers (including share point servers); electronic bulletin boards; dictation tapes; video recordings; audio recordings; digital recordings; memoranda; telegrams; telecopies and telexes; teleconference; web-based or software virtual meetings, including Microsoft Teams, Zoom, Cisco WebEx, or other virtual meeting software; and oral

communication such as face-to-face or in-person discussions or meetings, telephone calls, and voice mail messages.

31.    ACLU-PA also specified the following parameters to the request:

The request seeks all Unmasking Subpoenas **other than** those related to investigations of child sexual exploitation and abuse.

Unless otherwise specified, the ACLU of Pennsylvania seeks records prepared, generated, or otherwise dated from January 1, 2024, to the present.

Please construe this as an ongoing FOIA request, so that any records that come within the possession of the agency prior to your final response to this FOIA Request should also be considered within the Request's scope.

Where available, we ask that records responsive to this Request be produced in the original electronic format with all metadata and load files. We ask that any records produced in PDF, TIFF, or other image formats be produced in full, uncompressed form; please do not compress images or downsample the resolution, as this interferes with their legibility. To facilitate a speedy response, we ask that records responsive to this request be produced on a rolling basis.

Additionally, Requester does not seek the names or contact information of individuals or other exempt personal identifiable information of people referenced in the records requested herein. If any of the requested records contain exempt personal identifiable information, Requesters ask that said personal identifiable information be redacted to ensure the maximum production of responsive relational information contained within the records. Nothing in this request should be construed as a waiver of Requesters' right to challenge any redactions made on the basis of personal identifiable information, including in the event of litigation regarding this FOIA request.

If you assert that any statutory exemptions apply to any of the records requested, please describe in detail the nature of the withheld records (with adequate specificity to allow Requester to assess the appropriateness of the redactions, if any) and the specific contended exemptions or privileges that would permit the withholding. Please provide all non-exempt, reasonably segregable portions of the records. 5 U.S.C. §552(a)(8)(A)(ii)(II). Please also explain how "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in" 5 U.S.C. § 522(b). *Id.* at § (a)(8)(A)(i).

Requester has intended this request to be specific and narrowly tailored. But, if you believe that it would be unduly burdensome to fulfil this request as currently structured, please contact me at (510) 390-0306 or at ashapell@aclupa.org so that I may consider modifying the request.

32.     ACLU-PA sought for a fee waiver on the grounds that (1) information on ICE's practices related to Unmasking Subpoenas would contribute to the public understanding of the operations or activities of the government, and (2) ACLU-PA seeks information for use in advocacy work, not to further a commercial interest.

### Defendant's Response

33.     Under the FOIA statute, ICE is obligated to respond to FOIA requests within 20 working days, 5 U.S.C. § 552(a)(6)(A), making ICE's response deadline March 6, 2026.

34.     According to the SecureRelease Portal, ICE has assigned a tracking number, 2026-ICFO-16275, to the FOIA request, and marked the status of the request as "Initial Determination." But ICE has not otherwise acknowledged receipt of the request.

35.     Nor has ICE invoked the ten-day extension permitted by 5 U.S.C. § 552(a)(6)(B).

36.     Had it done so, the ten-day extension would have lapsed on March 20, 2026.

37.     ICE did not determine whether to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) or (B).

38.     To date, ICE has failed to produce any records or make any substantive response to the FOIA Request.

***

### CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Freedom of Information Act, 5 U.S.C. § 552
### Failure to Timely Respond

39.     Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

40.    Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to its February 8, 2026, FOIA request.

41.    On information and belief, Defendant currently has possession, custody, or control of the requested records.

42.    No legal basis exists for Defendant ICE's failure to timely search for and release responsive agency records in compliance with FOIA's time limits.

43.    Defendant ICE had, under 5 U.S.C. § 552(a)(6), 20 working days from the date of receipt of Plaintiff's FOIA request to make a determination on the request or to request an additional 10 days under unusual circumstances.

44.    Defendant ICE did not invoke the 10-day extension permitted by 5 U.S.C. § 552(a)(6)(B).

45.    To date, Defendant ICE has not produced the requested records or otherwise responded to Plaintiff's FOIA request.

46.    Defendant ICE's failure to comply with the statutory deadlines violates 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

47.    The Plaintiff is therefore entitled to injunctive and declaratory relief requiring ICE to promptly provide responsive records.

**SECOND CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

48.    Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

49.    Plaintiff properly requested records within ICE's possession and control.

11

50.     Defendant ICE is an agency subject to and within the meaning of FOIA, and it must therefore make reasonable efforts to search for requested records. 5 U.S.C. § 552(a)(3)(C).

51.     Defendant ICE has failed to timely and adequately review agency records for the purpose of locating those records that are responsive to this request.

52.     Defendant ICE's failure to conduct adequate searches for responsive records violates FOIA and applicable regulations. *See* 5 U.S.C. § 552(a)(3)(C).

53.     The Plaintiff is therefore entitled to injunctive and declaratory relief requiring ICE to promptly make reasonable efforts to search for records responsive to his FOIA request.

**THIRD CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552**
**Improper Withholding of Agency Records**

54.     Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

55.     Under 5 U.S.C. § 552(a)(3)(A), Defendant ICE is obligated to make properly requested records promptly available to a requester.

56.     Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to the FOIA request.

57.     On information and belief, Defendant ICE currently has possession, custody, or control of the requested records.

58.     To date, Defendant ICE has not made any records available to Requester, nor produced a *Vaughn* index.

59.     Defendant ICE's withholding of requested records in its possession that are not exempt from disclosure under 5 U.S.C. § 552(b) violates, at a minimum, 5 U.S.C. § 552(a)(3)(A) and the corresponding regulations.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1.    Assume jurisdiction over this matter;

2.    Declare that Defendant ICE's failure to respond and produce the requested records is unlawful;

3.    Order Defendant ICE to immediately make a full and complete search for all responsive records;

4.    Enjoin Defendant ICE from withholding non-exempt, responsive records;

5.    Declare that Plaintiff is entitled to an unconditional waiver of all fees associated with responding to Plaintiff's FOIA request;

6.    Order Defendant to immediately and unconditionally waive all fees associated with responding to Plaintiff's FOIA request;

7.    Award Plaintiff their costs and reasonable attorneys' fees incurred in this action, as provided by 5 U.S.C. § 552(a)(4)(E); and

8.    Grant such other and further relief as this Court may deem just and proper.


Dated: April 17, 2026                      Respectfully submitted,


                                           */s/ Ariel Shapell*
                                           Ariel Shapell (PA 330409)
                                           Vanessa L. Stine (PA 319569)
                                           AMERICAN CIVIL LIBERTIES UNION
                                           OF PENNSYLVANIA
                                           P.O. Box 60173
                                           Philadelphia, PA 19102
                                           T:  215-592-1513
                                           E:  ashapell@aclupa.org
                                           E:  vstine@aclupa.org


13