# Exhibit 1

February 8, 2026

*Submitted via the DHS FOIA Public Access Portal*

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th St, S.W., Stop 5009
Washington, D.C. 20536-5009

**Re: FOIA Request for Records Related to [INS]**

Dear Reviewing Officer:

The American Civil Liberties Union ("ACLU") of Pennsylvania ("Requester") submits this letter as a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq. The purpose of this request is to obtain information related to Administrative Subpoenas issued by the U.S. Department of Homeland Security ("DHS") to electronic communication service providers ("providers") seeking information about the Identities of such providers' Users (hereafter "Unmasking Subpoenas"). Requesters seek a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 5 C.F.R. § 5.11(k).

### I.    Records Requested

#### A.  Definitions

For the purposes of this request, the terms "**U.S. Department of Homeland Security**" or "**DHS**" mean the United States Department of Homeland Security, and any components, subcomponents, offices, or personnel therein, including, but not limited to, U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP").

For the purposes of this request, the term "**Users**" means an individual or entity that uses an electronic communication service. *See* 18 U.S.C. § 2510(14); *id.* at (15).

For the purposes of this request, the term "**Identity**" means the name, postal code, country, email address, telephone number, or IP address associated with a User.

For the purposes of this request, the term "**Administrative Subpoenas**" refers to any subpoenas or summonses seeking information which are issued by DHS, CBP, or ICE, or their agents, under Form 1-138, or through any similar processes, including instruments purportedly authorized by 8 U.S.C. § 1225(d)(4), 8 C.F.R. § 287.4, 19 U.S.C. § 1509, or any other asserted authority.

For the purposes of this request, the term "**documents**" has the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of ICE and its employees, to which they have access, or of which they have knowledge,

including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, files, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, agendas, minutes, data compilations, and statistical compilations, regardless of whether a particular document is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device.

For the purposes of this request, the term "**communications**" means any transmittal of information from one person or entity to another by any means, including letters, correspondence; notes; memoranda; records; reports; papers; facsimiles; electronic mail (whether to, from, copied, or blind copied) from business or personal email accounts; electronic mail generated from a handheld personal device including an Android, Blackberry, or iPhone; instant messaging; internet relay chat; news group; group or collaboration servers (including share point servers); electronic bulletin boards; dictation tapes; video recordings; audio recordings; digital recordings; memoranda; telegrams; telecopies and telexes; teleconference; web-based or software virtual meetings, including Microsoft Teams, Zoom, Cisco WebEx, or other virtual meeting software; and oral communication such as face-to-face or in-person discussions or meetings, telephone calls, and voice mail messages.

### B. Specific Records Requested

Requester seeks the following categories of records related to Administrative Subpoenas issued by DHS, ICE, or CBP, (including by any components, subcomponents, offices, or personnel therein), to electronic communication service providers seeking information about the Identities of such providers' Users (hereafter "Unmasking Subpoenas"), including:

(1) Copies of such Unmasking Subpoenas, with any supporting documents or communications setting forth the justifications for each Unmasking Subpoena.

   a. For each Unmasking Subpoena, any filings submitted by DHS to a court seeking enforcement of the Unmasking Subpoena or a related gag order.

   b. For each Unmasking Subpoena, any documents detailing, describing, or referencing whether the Unmasking Subpoena was complied with.

(2) Any documents related to DHS's use of Unmasking Subpoenas, including, but not limited to, presentations and memoranda.

### C. Request Parameters

The request seeks all Unmasking Subpoenas **other than** those related to investigations of child sexual exploitation and abuse.

Unless otherwise specified, the ACLU of Pennsylvania seeks records prepared, generated, or otherwise dated from January 1, 2024, to the present.

Please construe this as an ongoing FOIA request, so that any records that come within the possession of the agency prior to your final response to this FOIA Request should also be considered within the Request's scope.

Where available, we ask that records responsive to this Request be produced in the original electronic format with all metadata and load files. We ask that any records produced in PDF, TIFF, or other image formats be produced in full, uncompressed form; please do not compress images or downsample the resolution, as this interferes with their legibility. To facilitate a speedy response, we ask that records responsive to this request be produced on a rolling basis.

Additionally, Requester does not seek the names or contact information of individuals or other exempt personal identifiable information of people referenced in the records requested herein. If any of the requested records contain exempt personal identifiable information, Requesters ask that said personal identifiable information be redacted to ensure the maximum production of responsive relational information contained within the records. Nothing in this request should be construed as a waiver of Requesters' right to challenge any redactions made on the basis of personal identifiable information, including in the event of litigation regarding this FOIA request.

If you assert that any statutory exemptions apply to any of the records requested, please describe in detail the nature of the withheld records (with adequate specificity to allow Requester to assess the appropriateness of the redactions, if any) and the specific contended exemptions or privileges that would permit the withholding. Please provide all non-exempt, reasonably segregable portions of the records. 5 U.S.C. §552(a)(8)(A)(ii)(II). Please also explain how "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in" 5 U.S.C. § 522(b). *Id.* at § (a)(8)(A)(i).

Requester has intended this request to be specific and narrowly tailored. But, if you believe that it would be unduly burdensome to fulfil this request as currently structured, please contact me at (510) 390-0306 or at ashapell@aclupa.org so that I may consider modifying the request.

## II.    The Requester

The ACLU of Pennsylvania is a non-profit, non-partisan organization and a state affiliate of the American Civil Liberties Union (ACLU), a national organization that works to protect civil liberties of all people, including the safeguarding of the basic constitutional rights that include due process of law and equal protection under the law.

## III.    Request for Fee Waiver

Requester asks that any fees associated with responding to this FOIA Request be waived. Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k), fees should be waived or reduced if disclosure is (1) in the public interest because it is "likely to contribute significantly to public

understanding of the operations or activities of the government," and (2) "not primarily in the commercial interest of the requester." Disclosure in this case meets both of these tests. The ACLU of Pennsylvania also requests a waiver on the basis that it qualifies as a "representative[] of the news media" and the records are not sought for commercial use. *See* § 552(a)(4)(A)(ii)(II); 6 C.F.R. § 5.11(d)(1).

### A. The Request is likely to contribute significantly to public understanding of the operations or activities of the government.

As a federal agency, DHS's actions, including its use of Unmasking Subpoenas, constitute government operations or activities. The processes through which DHS investigates online activity using Unmasking Subpoenas are of great concern to the general public. As a result, this Request is likely to contribute to the public understanding of the operations or activities of the government, meriting a fee waiver. 5 U.S.C. § 552(a)(4)(A)(iii).

Across the country—including Pennsylvania—media outlets have reported on the recent use of Unmasking Subpoenas to target people who speak critically of DHS's immigration enforcement activities.[1] However, even as DHS's use of administrative subpoenas to technology companies has increased, the processes by which DHS issues, enforces, and litigates Unmasking Subpoenas remains obscure.

The Records subject to this Request will contribute to the public understanding of DHS's use of Unmasking Subpoenas.

### B. Disclosure is not primarily in the commercial interest of Requester.

Requester is not filing this request to further a commercial interest.

The ACLU and its affiliates, including the ACLU of Pennsylvania, have a longstanding practice of disseminating information obtained through FOIA at no cost, in order to further the public's understanding of immigration laws and policy – and also have a wide network with which to share the information.[2] The ACLU regularly publishes research reports, press releases, and social media content related to immigration and First Amendment issues, often informed by

---

[1] *See, e.g.*, John Woodrow Cox, *Homeland Security is targeting Americans with this secretive legal weapon,* Washington Post (Feb. 3, 2026), https://www.washingtonpost.com/investigations/2026/02/03/homeland-security-administrative-subpoena/; Alfred Ng, *Judge skeptical of DHS push to ID anonymous accounts documenting ICE,* Politico (Jan. 14, 2026), https://www.politico.com/news/2026/01/14/judge-instagram-account-documenting-ice-00730455; Ashley Belanger, *Lawsuit: DHS wants "unlimited subpoena authority" to unmask ICE critics,* Ars Technica (Jan. 13, 2026), https://arstechnica.com/tech-policy/2026/01/instagram-user-fights-dhs-for-the-right-to-post-ice-sightings-anonymously/; Shawn Musgrave, *The Feds Want to Unmask Instagram Accounts That Identified Immigration Agents,* The Intercept (Sep. 18, 2025), https://theintercept.com/2025/09/18/dhs-subpoena-ice-instagram-dox/.
[2] The ACLU of Pennsylvania has more than 37,000 followers on social media and over 66,000 e-mail subscribers who receive updates on the ACLU of Pennsylvania's activities.

records obtained through public records requests.[3] None of these actions are undertaken in the commercial interest of the ACLU.

Requester has the ability to widely disseminate the requested information through a variety of sources including reports, newsletters, news briefings, right-to-know handbooks. These materials would be made available to the public at no cost.

As such, Requesters satisfy the test for a fee waiver. *See Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters" (internal quotation marks omitted)). *Citizens for Responsibility and Ethics in Washington v. U.S. Dept. of Educ.*, 593 F. Supp. 2d 261, 268 (D.D.C. 2009) ("[FOIA's] purpose . . . is to remove the roadblocks and technicalities which have been used by . . . agencies to deny waivers") (internal quotation marks and citation omitted)).

### C. The ACLU of Pennsylvania also qualifies for a fee waiver because it is a representative of the news media and the records are not sought for commercial use.

The ACLU of Pennsylvania is also entitled to a fee waiver of search fees on the grounds that it qualifies as a "representative of the news media" and the records are "not sought for commercial use." 5 U.S.C. § 552(a)(4)(A)(ii)(II).

The ACLU of Pennsylvania meets the statutory and regulatory definitions of a "representative of the news media" because it is an "entit[y] that gather[s] information of potential interest to a segment of the public, use[s] editorial skills to turn the raw materials into a distinct work, and distribute[s] that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii)(III); *see also Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989) (finding that an organization that gathers information, exercises editorial discretion in selecting and organizing documents, "devises indices and finding aids," and "distributes the resulting work to the public" is a "representative of the news media" for purposes of the FOIA); *Serv. Women's Action Network v. U.S. Dep't of Def.*, 888 F. Supp. 2d 282, 290 (D. Conn. 2012) (requesters, including ACLU, were representatives of the news media and thus qualified for fee waivers for FOIA requests to the Department of Defense and Department of Veterans Affairs); *ACLU of Wash. v. U.S. Dep't of Justice*, No. C09–0642RSL, 2011 WL 887731, at *10 (W.D. Wash. Mar. 10, 2011) (finding that the ACLU of Washington is an entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience"); *see also Elec. Privacy Info. Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 9, 10–15 (D.D.C. 2003) (finding non-profit public interest group that disseminated an electronic newsletter and published books was a "representative of the news media" for purposes of the FOIA); *Nat'l Sec. Archive*, 880 F.2d at 1387; *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 133 F. Supp. 2d 52, 53–54 (D.D.C. 2000) (finding Judicial Watch, self-described as a "public interest law firm," a news media requester).

---

[3] *See, e.g.,* AM. CIV. LIBERTIES UNION, LICENSE TO ABUSE: HOW ICE'S 287(G) PROGRAM EMPOWERS RACIST SHERIFFS AND CIVIL RIGHTS VIOLATIONS (2022), https://www.aclu.org/publications/license-abuse-how-ices-287g-program-empowers-racist-sheriffs.

Similarly, obtaining information about government activity, analyzing that information, and widely publishing and disseminating that information to the press and public are critical and substantial components of the ACLU's work and are among its primary activities. For example, the ACLU regularly publishes ACLU Magazine that reports on and analyzes civil liberties-related current events. The magazine is disseminated to over 950,000 households. The ACLU of Pennsylvania also publishes regular updates and alerts via email to approximately 66,200 people. These updates are additionally broadcast to about 37,000 social media followers (members and non-members). The magazine, email, and social-media alerts often include descriptions and analysis of information obtained through FOIA requests.

The ACLU and its affiliates also regularly issue press releases to call attention to documents obtained through FOIA requests, as well as other breaking news, and ACLU attorneys are interviewed frequently for news stories about documents released through ACLU FOIA requests. Similarly, the ACLU regularly publishes and disseminates reports that include a description and analysis of government documents obtained through FOIA requests. This material is broadly circulated to the public and widely available to everyone for no cost or, sometimes, for a small fee.

In sum, because disclosure of the requested documents is in the public interest and not primarily in the commercial interest of the ACLU of Pennsylvania, and because the ACLU of Pennsylvania is a representative of the news media, Requester is entitled to a total waiver of fees associated with this Request and should, in no event, be required to pay more than reasonable standard charges for document duplication. In the event that you decide not to waive the fees, please provide Requester with prior notice so that we can discuss arrangements.

*    *    *

We appreciate your prompt attention to this Request and look forward to your reply to this Request within twenty (20) days, as required under 5 U.S.C. § 552(a)(6)(A)(i). Please furnish all responsive records to:

Ariel Shapell
*Staff Attorney*
American Civil Liberties Union
of Pennsylvania
P.O. Box 60173
Philadelphia, PA 19102
Tel.: (510) 390-0306

We reserve the right to appeal a decision to withhold any information or deny a waiver of fees. Please call me at (510) 390-0306 if you have any questions or wish to obtain further information about the nature of the records in which we are interested.

Respectfully,

Ariel Shapell
*Staff Attorney*
American Civil Liberties Union
of Pennsylvania
P.O. Box 60173
Philadelphia, PA 19102