**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Civil Action No. 26-cv-02553 |

**PARTIES' STATUS REPORT**

The Parties, Plaintiff American Civil Liberties Union of Pennsylvania ("ACLU") and Defendant U.S. Immigration and Customs Enforcement ("ICE"), submit this Joint Status Report to advise the Court that they have agreed to further narrow the scope of Defendant ICE's FOIA production of 3,000 potentially relevant subpoenas, but that the production schedule remains in dispute.

Plaintiff has agreed to exclude the following subpoena categories from the universe of records to be reviewed: "Computer forensics," "General smuggling – including animals, artifacts, pornography, and jewelry," "Commercial trade fraud," and "Illegal exports." On or before September 18, 2026, Defendant ICE will advise Plaintiff as to how many of the 3,000 potentially relevant subpoenas remain after incorporating these categorical exclusions. Additionally, on or before September 30, 2026, Defendant ICE will advise Plaintiff of the total number of responsive records and the total number of pages.

The sole disagreement, at this stage, is over when Defendant ICE must begin producing records. Defendant ICE's position is that after it completes its review and ascertains the total number of responsive records, Defendant ICE will work with Plaintiff to expeditiously establish an appropriate production schedule at a rate and volume agreed upon by the parties. Defendant ICE cannot in good faith agree to a production schedule, or a date upon which it can begin producing records, until it has completed its review and identified the total number of responsive records.

Plaintiff's position is that since more than seven months have passed since it filed its FOIA request (and nearly five months have elapsed since bringing this litigation), and Defendant ICE has demonstrated in recent cases its capacity to produce large volumes of the same type of administrative subpoena records at issue here,[1] Defendant ICE must begin production by October 15, 2026. Plaintiff is willing to continue negotiating details regarding volume and timing of production, but Defendant ICE must start producing records by the designated date. Plaintiff reserves the right to ask this Court to compel such production should Defendant ICE fail to begin producing records by October 15.

Dated: September 15, 2026

Respectfully submitted,

DAVID METCALF
United States Attorney

---

[1] *See* Lindsay Nash, *The Immigration Subpoena Power*, 125 Columbia L. Rev. 1, 33 (2025) (describing records on 3,159 administrative subpoenas issued by ICE which were produced through FOIA litigation in *Nash v. U.S. Immigration and Customs Enforcement*, No. 1:21-cv-04288 (S.D.N.Y. May 12, 2021) and *Nash v. U.S. Immigration and Customs Enforcement*, No. 1:23-cv-06994 (S.D.N.Y. Aug. 8, 2023)); Status Report at 1, *Kathryn O. Greenberg Immigration Justice Clinic v. U.S. Immigration and Customs Enforcement*, No. 26-cv-1962 (S.D.N.Y. Aug. 24, 2026) (noting that ICE produced records in May 29, 2026, and July 1, 2026, related to administrative subpoenas and plans to continue producing such records going forward).

*/s/ Ariel Shapell*
ARIEL SHAPELL
VANESSA L. STINE
American Civil Liberties Union
P.O. Box. 60173
Philadelphia, PA 19102
(215) 592-1513
ashapell@aclupa.org
vstine@aclupa.org

*Counsel for Plaintiff*

*/s/ Daniella Lees*
DANIELLA D. LEES
COLIN CHERICO
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8412 / 8786 (Priebe/Sullivan)
daniella.lees@usdoj.gov
colin.cherico@usdoj.gov

*Counsel for Defendant*